IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Teresa W. Carroll, | ) | Civil Action No.: 5:17-312-BHH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Teresa W. Carroll's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI.") The record includes the report and recommendation ("Report") of United States Magistrate Judge Kaymani D. West, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the Commissioner filed a reply to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court respectfully declines to adopt the Magistrate Judge's Report and instead remands the matter to the Commissioner for further consideration as outlined below.

**BACKGROUND**

Plaintiff filed for DIB and SSI on August 21, 2013, alleging disability beginning on

April 4, 2010, due to the following medical conditions: migraines, Meniere's disease, bipolar, depression, anxiety, fibromyalgia, back and neck pain, asthma, and heart conditions.[1]  Her applications were denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ").  A hearing was held on November 3, 2015, at which Plaintiff, who was represented by counsel, appeared and testified.  The ALJ also heard testimony from vocational expert ("VE") Benson Hecker.  Plaintiff's counsel indicated at the hearing that Plaintiff wished to amend her alleged onset date to August 3, 2013, and Plaintiff submitted a signed form to that effect.  The ALJ issued an unfavorable decision on December 18, 2015.  Plaintiff requested review of that decision, and on December 20, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action seeking judicial review of the Commissioner's final decision on February 2, 2017.

Plaintiff was born in 1964 and was almost 49 years old on her alleged onset date of August 3, 2013.  Plaintiff completed high school and listed her past relevant work as office assistant for a bail bondsman, restaurant office assistant, industrial machine operator, ice company dispatcher/route assistant, and convenience store cashier/stocker.

## STANDARDS OF REVIEW

I. **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to this Court.  The

---

[1] Plaintiff previously filed for DIB and SSI on October 3, 2011, alleging the same onset date. After her applications were denied, Plaintiff requested a hearing, which was held on July 12, 2013, and at which hearing Plaintiff amended her onset date to November 16, 2011.  Her initial claims were denied on August 2, 2013.

recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court conducts a *de novo* review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

## II.     Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270

F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

I.      **The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant

4

could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 3, 2013, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: Meniere's disease; migraines; tinnitus; asthma; depression; bipolar disorder; and anxiety. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) with the following limitations: Plaintiff can never climb ladders, ropes, or scaffolds; can have no more than frequent exposure to fumes, odors, dusts, gases, poor ventilation, and other pulmonary irritants; can have no more than frequent exposure to hazards, including unprotected heights and moving mechanical parts; can have no more than frequent exposure to loud background noise; can perform simple routine and repetitive tasks but not at a production rate pace, which includes assembly line work; can use judgment to make simple work-related decisions; and can have no contact with the public. The ALJ found that Plaintiff is capable of performing her past relevant work as a housekeeper. Therefore, the ALJ found that Plaintiff was not disabled from the alleged onset date of August 3, 2013, through the date of the decision.

## II.     The Court's Review[2]

In this action, Plaintiff asserts the following: (1) that the ALJ erred by failing to properly apply Acquiescence Ruling 00-1(4) and *Albright v. Commissioner*, 174 F.3d 473 (4th Cir. 1999); (2) that Defendant erred by failing to apply the Fourth Circuit's mandate in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); (3) that the ALJ erred by failing to properly apply the treating physician rule; and (4) that the ALJ erred by failing to properly account for Plaintiff's restrictions concerning co-workers and supervisors.

In her Report, the Magistrate Judge evaluated Plaintiff's claims and found them to be without merit. Accordingly, the Magistrate Judge found that substantial evidence supports the ALJ's decision and recommended that the Court affirm the Commissioner's denial of benefits.

Plaintiff filed objections to the Magistrate Judge's Report, asserting that the Magistrate Judge erred in finding: (1) that the ALJ properly applied Acquiescence Ruling 00-1(4) and *Albright*; (2) that the ALJ adequately considered Plaintiff's moderate limitations in concentration, persistence, and pace in assessing her RFC; (3) that the ALJ properly applied the treating physician rule; and (4) that the RFC accounted for all of Plaintiff's mental restrictions in the ability to do work. After review, and for the reasons set forth below, the Court agrees with Plaintiff that the Magistrate Judge erred in finding that the ALJ adequately considered Plaintiff's moderate limitations in concentration, persistence, and

---

[2] As the Magistrate Judge noted in her Report, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed before March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed her applications for benefits, unless otherwise specified.

pace when determining Plaintiff's RFC.  Accordingly, the Court respectfully declines to adopt the Magistrate Judge's Report and instead remands this matter for further consideration.  With respect to the remainder of Plaintiff's claims of error, the ALJ will be able to reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim.

*Plaintiff's Moderate Limitations in Concentration, Persistence, and Pace*

Here, at step three of the sequential evaluation the ALJ determined that Plaintiff had moderate difficulties in concentration, persistence, and pace.  (Tr. at 20.)  In the RFC assessment, the ALJ determined that Plaintiff "can perform simple routine and repetitive tasks but not at a production rate pace, which includes assembly line work; she can use judgment to make simple work-related decisions; and can have no contact with the public." (Tr. at 21.)  In her Report, the Magistrate Judge noted that the ALJ disagreed with Plaintiff's assertions that her "mental impairments would disallow her from meeting the basic mental demands of any work on a continuing and sustained basis."  (*Id.*)  The Magistrate Judge determined that the ALJ described his reasons for disagreement by discussing Plaintiff's mental health issues and noting that she "has been able to demonstrate intact cognitive functioning and improvement in her mood when she is taking her medication and her symptoms are notably exacerbated by external factors, including issues with her family and finances."  (*See* Tr. at 23.)  The Magistrate Judge also noted that the ALJ cited to records indicating that Plaintiff exhibited "logical and coherent thought processes."  (ECF No. 14 at 15 (citing Tr. at 23).)  Ultimately, the Magistrate Judge likened this case to the Fourth Circuit's decision in *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017), and determined that "[a]lthough the ALJ's RFC assessment does not address Plaintiff's ability to stay on task,

the ALJ provided a thorough discussion of his reasons for disagreeing with Plaintiff's counsel's assertion that her mental impairments would prevent her from performing the basic mental demands of any work on a *continuing and sustained basis*." (ECF No. 14 at 17 (emphasis in original).) Respectfully, this Court disagrees with the Magistrate Judge's evaluation of this issue.

In *Masio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' " 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc.Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). Rather, the court noted that such a restriction only addresses the complexity of the work, not a plaintiff's ability to stay "on task," which is the limitation that would account for a claimant's impairment in concentration, persistence, or pace. *Id.* at 638. In *Mascio*, the court explained that although it was possible for the ALJ to find that the moderate concentration, persistence, or pace limitation did not affect the plaintiff's ability to work, remand was required "because the ALJ here gave no explanation." *Id.*

Courts in this District have since interpreted the Fourth Circuit's holding in *Mascio* to emphasize that an ALJ must explain how he considered the claimant's limitation in concentration, persistence, or pace in assessing his RFC. *See Sipple v. Colvin*, No. 8:15-1961-MBS-JDA, 2016 WL 4414841, at *9 (D.S.C. Jul. 29, 2016), adopted by 2016 WL 4379555 (D.S.C. Aug. 17, 2016) ("After *Mascio*, further explanation and/or consideration is necessary regarding how Plaintiff's moderate limitation in concentration, persistence, or pace does or does not translate into a limitation in his RFC."). Although the ALJ here

limited Plaintiff's RFC to "simple routine and repetitive tasks but not at a production pace," and "simple work-related decisions" with no contact with the public, what is missing from the ALJ's decision is an adequate explanation of how Plaintiff's moderate limitation in concentration, persistence, or pace translates (or does not translate) into a limitation in Plaintiff's RFC.  In other words, what is missing is an explanation of how the ALJ's RFC determination takes into account *Plaintiff's ability or inability to stay on task, or "to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings*."  20 C.F.R. Pt. 404 Subpt. P, App. 1, § 12.00(C)(3) (emphasis added); *see*, *e.g.*, *Jackson v. Berryhill*, 2017 WL 1133253, *8 (D.S.C. March 15, 2017) (finding that an RFC limitation to simple, routine tasks with little contact with the public in an non-fast-paced environment with no work in team settings did not adequately address the plaintiff's ability to stay on task in light of limitations in concentration, persistence, or pace); *Minor v. Berryhill*, 2018 WL 1251723 (D.S.C. March 12, 2018), *adopting Report and Recommendation at* 2018 1305181, *5 (D.S.C. Feb. 20, 2018) (remanding to the Commissioner for consideration of the plaintiff's ability to stay on task where ALJ had limited plaintiff to simple, routine tasks and no interaction with the public and no more than occasional interaction with co-workers in a non-fast paced environment because those restrictions did not adequately account for a limitation in concentration, persistence, or pace); *Dill v. Berryhill*, 2018 WL 4205648 (D.S.C. Sept. 4, 2018), *adopting Report and Recommendation at* 2018 WL 4212004 (D.S.C. Aug. 17, 2018) (remanding the matter to the Commissioner because the various restrictions set forth in the plaintiff's RFC did not adequately account for the plaintiff's limitation in concentration,

9

persistence, or pace).

As previously explained, the Magistrate Judge relied on *Sizemore v. Berryhill*, 878 F.3d 72, in finding that the ALJ adequately explained why Plaintiff's moderate limitation in concentration, persistence, or pace did not translate into any additional RFC restrictions. In *Sizemore*, however, the record contained two opinions directly addressing the plaintiff's ability to perform tasks *on a sustained basis*, and the court determined: "The opinions of these two doctors thus provided substantial support for the ALJ's finding that, despite Sizemore's overall moderate difficulties with concentration, persistence, or pace, he would nonetheless be able to *stay on task* while performing "simple one, two-step tasks," as long as he was "working in low stress non-production jobs with no public contact." 878 F.3d at 81 (emphasis in original).

Here, as Plaintiff points out in her objections, the opinions to which the ALJ assigned great weight are not specific as to *Plaintiff's ability to perform work on a sustained basis*, like they were in *Sizemore*. In fact, in one of the opinions to which the ALJ assigned great weight, state agency consultant Dr. Anna Williams, Ph.D. actually found that although Plaintiff's symptoms and impairments would allow Plaintiff to perform simple, unskilled work away from the general public, *Plaintiff is moderately limited in her ability to maintain attention and concentration for extended periods*. (*See* Tr. at 160-61, 164 (emphasis added).) Again, a limitation to simple and unskilled work simply addresses the complexity of work while a limitation to work away from the general public deals largely with workplace adaptation. In other words, these limitations do not address a limitation in concentration, persistence, or pace. The Magistrate Judge even acknowledged that "the ALJ's RFC

assessment does not address Plaintiff's ability to stay on task," but the Magistrate Judge excused this failure by finding that the ALJ provided a discussion of reasons for disagreeing with Plaintiff's "assertion that her mental impairments would prevent her from performing the basic mental demands of work on a *continuing and sustained basis*." (ECF No. 14 at 17 (emphasis in original).) Ultimately, the Court disagrees with the Magistrate Judge. Instead, the Court agrees with Plaintiff that the ALJ's failure to address Plaintiff's ability to stay on task and attend to work on a sustained basis for an eight-hour workday requires remand to the Commissioner. Stated simply, the Court cannot determine whether substantial evidence supports the ALJ's RFC determination where the medical opinions that the ALJ cites either do not directly address Plaintiff's ability to stay on task like they did in *Sizemore*, or if they do, they seem to indicate that Plaintiff would have difficulty doing so. Therefore, for the foregoing reasons, the Court finds it necessary to remand this matter to the Commissioner for further consideration of Plaintiff's RFC in accordance with *Mascio*. Of course, the ALJ on remand may be able to find from the evidence that Plaintiff's moderate limitation in concentration, persistence, or pace would not affect her ability to stay on task at a job over the course of an eight-hour workday, but it is incumbent upon the ALJ to make that determination in the first instance, and not the Court. *See Mascio*, 780 F.3d at 638 (noting that the ALJ may be able to explain why a concentration, persistence, or pace limitation did not translate into a limitation in the RFC–"[f]or example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the [VE]"–but finding that remand was appropriate because the ALJ gave no explanation). And as previously mentioned, in re-evaluating the evidence on remand, the

Commissioner should take into consideration Plaintiff's remaining allegations of error.

## CONCLUSION

For the foregoing reasons, the Court respectfully declines to adopt the Magistrate Judge's Report (ECF No. 14) and instead remands the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

September 27, 2018
Charleston, South Carolina